UNITED STATES of America,
Plaintiff-Appellee,

v.

Jitze KOOISTRA, Defendant,

Tallahassee Democrat, Inc.,
Petitioner-Appellant.

No. 86–3003.

United States Court of Appeals,
Eleventh Circuit.

Aug. 14, 1986.

C. Gary Williams, Jann Johnson, Michael J. Glazer, Tallahassee, Fla., for petitioner-appellant.

David L. McGee, Asst. U.S. Atty., Tallahassee, Fla., for plaintiff-appellee.

* Honorable John R. Brown, Senior U.S. Circuit Judge for the Fifth Circuit, sitting by designa-

Before HILL and VANCE, Circuit Judges, and BROWN *, Senior Circuit Judge.

VANCE, Circuit Judge:

The Tallahassee Democrat ("the Democrat") appeals from the district court's denial of its petition to intervene in this criminal case and its motion to unseal certain court documents. We remand for the district court to clarify its decision.

Defendant Kooistra was indicted on eight counts relating to a cocaine conspiracy. He pled not guilty. From then on, the case has been shrouded in secrecy. Perhaps the most intriguing aspect of the case is Kooistra's apparent change of heart concerning his plea. In June 1984, four months after the indictment, two sealed documents were filed with the court. By notice filed October 26, sentencing was scheduled for November 2, even though no trial had been held and no guilty plea was recorded. On October 31 a sealed motion was filed. Sentencing was then moved to January 24, 1985, and on that date Kooistra was sentenced on three counts. The transcript of the sentencing has been sealed. Four days later the court granted a government motion to dismiss the remaining counts against Kooistra. The transcript of a post-sentencing hearing in chambers and various related motions have also been sealed.

In December 1985, the Democrat filed its petition for limited intervention and motion to unseal. The court denied the motion without a hearing and without explanation.

On appeal the Democrat raises various contentions as to the value of public access to court proceedings, the news media's alleged right to notice before proceedings are closed or documents are sealed, and its purported entitlement to a hearing on the motion to unseal. None of these issues is

tion.

now before us. We are confronted only with a narrow question: did the district court act properly in denying the Democrat's petition and motion?

We cannot at this point determine whether the district court's substantive determination was correct. The court did, however, err as to the form of its order. Because of the important interests at stake, and the careful balancing of interests required, when a court denies access to court documents its decision must be " 'articulated in findings' ... which appellate courts can review." *See Newman v. Graddick*, 696 F.2d 796, 802 (11th Cir.1983) (quoting *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 581, 100 S.Ct. 2814, 2839, 65 L.Ed.2d 973 (1980) (plurality opinion of Burger, C.J.)).[1] The district court here articulated no reasons for its denial of the Democrat's motion and petition. The government, which otherwise argues in favor of keeping the records in question sealed, acknowledges that this was error.

We retain jurisdiction but remand so that the required findings may be entered. The findings need not be extensive. Indeed, should a court say too much the very secrecy which sealing was intended to preserve could be impaired. The findings need only be sufficient for a reviewing court to be able to determine, in conjunction with a review of the sealed documents themselves, what important interest or interests the district court found sufficiently compelling to justify the denial of public access. Because the sealed documents are not currently part of the record on appeal, the district court should transmit those documents to this court along with the required findings.

REMANDED with instructions.

---

**1.** The requirement that reasons be articulated in findings was applied in *Newman* itself to a denial of the right to attend criminal proceedings, a right protected by the first amendment. The denial of access in this case may be governed by the somewhat less zealously protected common law right to inspect and copy court records. *See Newman,* 696 F.2d at 800–03. Although the constitutional and common law rights may differ in some respects, we have applied the standards of *Newman* to the right to inspect court

records and documents other than trial exhibits. *See Wilson v. American Motors Corp.,* 759 F.2d 1568, 1570–72 (11th Cir.1985). The Supreme Court has recently held that the first amendment standard, including the requirement of articulated findings, applies to denial of a request to inspect the transcript of a preliminary hearing, at least where the hearing itself was closed to the public. *Press-Enterprise Co. v. Superior Court,* —— U.S. ——, ——, 106 S.Ct. 2735, 92 L.Ed.2d 1 (1986).