PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-2644
_____

UNITED STATES OF AMERICA
v.

KEONNA THOMAS


PHILLY DECLARATION, L.L.C., and AUSTIN
NOLEN,
                                    Appellants


_____

APPEAL FROM
THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
(D.C. Crim. Action No. 2-15-cr-00171-001)
District Judge: Honorable Michael M. Baylson
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
July 10, 2018
_____

Before: GREENAWAY, JR., RESTREPO, and BIBAS, *Circuit Judges*.

(Opinion Filed: September 21, 2018)

Jennifer A. Williams
Office of United States Attorney
615 Chestnut Street
Suite 1250
Philadelphia, PA 19106
  *Counsel for Plaintiff-Appellee*

Kathleen M. Gaughen
Brett G. Sweitzer
Elizabeth Toplin
Federal Community Defender Office for the Eastern District
of Pennsylvania
601 Walnut Street
The Curtis Center, Suite 540 West
Philadelphia, PA 19106
  *Counsel for Defendant-Appellee*

Michael L. Berry
Paul J. Safier
Ballard Spahr
1735 Market Street
51st Floor
Philadelphia, PA 19103
  *Counsel for Intervenors-Appellants*

_____

OPINION
_____

GREENAWAY, JR., *Circuit Judge*.

Philly Declaration, LLC and its managing editor Austin Nolen (collectively, "*The Declaration*" or "the intervenors") appeal the District Court's order denying their motion to unseal certain court records in a criminal prosecution. For the reasons that follow, we hold that while a presumptive right of access under the First Amendment attaches to plea hearings and documents related to plea hearings, the District Court properly concluded that the compelling government interests of national security and safety would be substantially impaired by permitting full access to the plea document here. The proposed redactions on appeal to the remaining documents at issue, meanwhile, are more properly considered in the first instance by the District Court. Accordingly, we will affirm in part and vacate in part the District Court's order and remand the case for further proceedings.

## I.    Background

In April 2015, Keonna Thomas was arrested on charges that she "knowingly attempted to provide material support and resources . . . to a designated foreign terrorist organization"[1] in violation of 18 U.S.C. § 2339B. A39. After a federal grand jury returned an indictment, Thomas pled not guilty. She filed several pre-trial motions, including a motion for a bill of particulars and a motion to compel notice and discovery of

---

[1]    The criminal complaint and indictment specify the designated foreign terrorist organization as the Islamic State of Iraq and the Levant, also known as ISIS.

surveillance, all of which the District Court ultimately denied. In September 2016, Thomas pled guilty pursuant to a plea agreement, and a sentencing hearing, although initially postponed, was ultimately held in September 2017.

As of November 2016, access to several documents on the docket was restricted to the public.[2] That month, *The Declaration* moved to intervene in the case and obtain access to: "all records that [at that time] appear[ed] on the docket as sealed or inaccessible"; transcripts of Thomas's plea hearing and her ex parte presentation to the court regarding the motion to compel notice and discovery of surveillance; and "any search warrant materials pertaining to the investigation and prosecution of the Defendant." A81.

In response to *The Declaration*'s motion, the Government agreed that certain records, such as the search warrant materials, should be fully or largely unsealed. The Government, however, maintained that, among other documents not at issue on appeal, the "Plea Document" that was docketed on the same day as the publicly-filed guilty plea memorandum should remain under seal for reasons detailed in a sealed addendum. The Government also objected to unsealing a "Grand Jury exhibit" ("Exhibit") attached to Thomas's reply brief in support of her motion for a bill of

---

[2]   Some documents, such as Thomas's motion to compel notice and discovery of surveillance and the Government's response to that motion, had been initially filed under seal but were then followed by a redacted copy or unsealed in full.

particulars ("Reply Brief") and to unredacting "any quotes thereof and citations thereto" that appeared in the Reply Brief itself. A114.

On March 8, 2017, after oral argument, the District Court granted in part and denied in part *The Declaration*'s motion, permitting intervention and ordering that only the documents that the Government deemed appropriate to unseal should be unrestricted. In the same order, the lower court permitted the intervenors time to review the materials unsealed by the Government and file a supplemental memorandum if they believed any continued sealing was improper. *The Declaration* renewed its request to unseal the Plea Document, the Reply Brief and Exhibit, and another motion and order.[3]

Following a supplemental hearing, the District Court issued an opinion and order on June 29, 2017 denying the request on the basis that: (1) "Intervenors have no right of access to grand jury material [contained in or referenced by the Reply Brief and Exhibit], and Thomas'[s] individual restrictions, with respect to Rule 6 [of the Federal Rules of Criminal Procedure] and pursuant to a protective order, do[] not change that fact," A8; and (2) concerning the remaining documents, including the Plea Document:

> [T]he Government's pursuit of ongoing law enforcement activities outweighs the public's right of access to the [Plea Document and order and motion regarding courtroom security] under

---

[3] This motion and order, ECF Nos. 24 and 26, related to courtroom security precautions and were unsealed following Thomas's sentencing; they are not at issue in this appeal.

both federal and common law. The Government's investigation related to this case involves national security issues and its non-public nature is critical to its success. Additionally, unsealing these documents could jeopardize the safety of numerous individuals.

Moreover, the Court now finds, as it has previously found (ECF 99), that the sealing of these records was narrowly tailored to protect the law enforcement interests at stake in this matter, and was the least restrictive means possible to safeguard the interests at issue. There is no reasonable alternative to keeping these documents under seal that would adequately protect the compelling interests of both Thomas and the Government. If these documents were to be made public, significant law enforcement activities could be thwarted and lives placed at risk.

A10 (citations omitted).

This timely appeal followed.

## II.  Jurisdiction

The District Court had jurisdiction over the underlying action pursuant to 18 U.S.C. § 3231.  We have appellate jurisdiction under 28 U.S.C. § 1291.  *See United States v. Smith*, 123 F.3d 140, 145 (3d Cir. 1997) ("Orders either granting or, as in this case, denying access to court proceedings or records are appealable as final orders under § 1291.").

6

### III.    Discussion

On appeal, *The Declaration* argues that the District Court's sealing decisions infringe upon its right of access to the judicial documents under the First Amendment and/or common law. First, Appellants claim that the continued sealing of the Plea Document is improper given the absence of "specific, individualized findings as to the necessity" of that restriction by the District Court, in addition to the lower court's failure to "adequately consider[] alternatives to wholesale sealing" and "provid[e] *The Declaration* with a meaningful opportunity to oppose sealing." Appellants' Br. 14. Second, *The Declaration* contends that the District Court erred in holding that Rule 6(e) bars the disclosure of the grand jury materials in the Reply Brief and Exhibit. In particular, the intervenors state not only that Rule 6(e) does not apply to the materials that had been provided to Thomas in discovery and developed outside of the grand jury process, but also that "the substance of the sealed material already appears to have been disclosed in other public filings." *Id.* at 14-15.

In their joint response brief, the Government and Thomas maintain that, while the "press and public have a First Amendment presumptive right of access to plea documents generally," the District Court here properly sealed the Plea Document. Appellees' Br. 22-25. Appellees, though, concede that "most of the sealed content [in the Reply Brief and Exhibit] is substantively already part of the public record." *Id.* at 36. They therefore "agree to unseal the [Reply Brief] with only light redactions to [the Exhibit]." *Id.*

"We exercise plenary review over whether the First Amendment or the common law creates a presumptive right of access to judicial documents or proceedings." *Smith*, 123 F.3d

at 146. In considering a First Amendment right of access claim, "we exercise independent appellate review of the record"; our scope of review of factual findings is therefore "substantially broader than that for abuse of discretion." *Id.* (quoting *United States v. Antar*, 38 F.3d 1348, 1357 (3d Cir. 1994)). With respect to the common law right of access claim, we review for abuse of discretion. *Id.*

**A.     Plea Document**

The First Amendment "provides a public right of access to criminal trials," other aspects of criminal proceedings such as voir dire, and "the records and briefs that are associated with those proceedings."[4] *Id.* The Supreme Court of the United

---

[4]     The Supreme Court, in *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 580 (1980), recognized a First Amendment right of access to criminal trials, and it then extended that holding to voir dire, *see Press-Enterprise Co. v. Superior Court of Cal.* (*Press-Enterprise I*), 464 U.S. 501, 505-10 (1984), and "preliminary hearings as they are conducted in California," *Press-Enterprise Co. v. Superior Court of Cal.* (*Press-Enterprise II*), 478 U.S. 1, 13 (1986). Our Court has expanded the presumptive First Amendment right of access to other contexts. *See, e.g.*, *United States v. Simone*, 14 F.3d 833, 840 (3d Cir. 1994) (post-trial hearings to investigate juror misconduct); *In re Capital Cities/ABC, Inc.'s Application for Access to Sealed Transcripts*, 913 F.2d 89, 95 (3d Cir. 1990) (transcripts of chambers and sidebar conferences); *United States v. Smith*, 776 F.2d 1104, 1112 (3d Cir. 1985) (indictments, informations, and bills of particulars); *Publicker Industries, Inc. v. Cohen*, 733 F.2d 1059, 1070 (3d Cir. 1984) (civil trials); *United States v. Criden*, 675 F.2d 550, 557 (3d Cir. 1982) (pre-trial suppression, due process, and entrapment

States has articulated a two-prong "experience and logic" test to apply in determining whether there is a presumptive right of public access to a particular aspect of a criminal trial. *United States v. Wecht*, 537 F.3d 222, 233-34 (3d Cir. 2008) (quoting *Press-Enterprise II*, 478 U.S. at 8-9). As we have summarized:

> Under the "experience" prong, a court considers "whether the place and process have historically been open to the press and general public." Under the "logic" prong, a court considers "whether public access plays a significant positive role in the functioning of the particular process in question" by, *inter alia*, enhancing "both the basic fairness of the criminal trial and the appearance of fairness so essential to public confidence in the system."

hearings). *But see, e.g.*, *N. Jersey Media Grp., Inc. v. United States*, 836 F.3d 421, 434 (3d Cir. 2016) (rejecting in a criminal case a claim of First Amendment right of access to pre-trial discovery materials); *N. Jersey Media Grp., Inc. v. Ashcroft*, 308 F.3d 198, 220 (3d Cir. 2002) (rejecting a claim of First Amendment right of access to "deportation cases that are determined by the Attorney General to present significant national security concerns"); *Capital Cities Media, Inc. v. Chester*, 797 F.2d 1164, 1175-76 (3d Cir. 1986) (rejecting a claim of First Amendment right of access to the administrative records of a state agency).

*Id.* at 234 (citation omitted) (quoting *Press-Enterprise II*, 478 U.S. at 8-9).

Plea hearings have usually been open to the press and public, and public access to those hearings furthers several societal interests, including promoting the "public perception of fairness," "exposing the judicial process to public scrutiny," and "providing the public with the more complete understanding of the judicial system"—especially where a substantial majority of criminal cases are resolved by guilty pleas. *Smith*, 123 F.3d at 146-47 (quoting *United States v. Smith*, 787 F.2d 111, 114 (3d Cir. 1986)).

We therefore hold, in accord with our sister circuits that have reached this issue, that the First Amendment right of access applies to plea hearings and, by extension, to documents related to those hearings. *See United States v. DeJournett*, 817 F.3d 479, 485 (6th Cir. 2016) ("[P]lea agreements are the quintessential judicial record, entitled to the protection of the First Amendment right to public access of judicial records."); *Wash. Post v. Robinson*, 935 F.2d 282, 288 (D.C. Cir. 1991) ("[T]here is a first amendment right of access to plea agreements . . . ."); *Oregonian Pub. Co. v. U.S. Dist. Court for Dist. of Or.*, 920 F.2d 1462, 1465 (9th Cir. 1990) ("Just as there exists a first amendment right of access in the context of criminal trials, it should exist in the context of the means by which most criminal prosecutions are resolved, the plea agreement." (citation omitted)); *United States v. Haller*, 837 F.2d 84, 86-87 (2d Cir. 1988) (holding that there is a right of access to plea hearings and "documents filed in connection with those hearings," and noting that "[p]lea hearings have typically been open to the public, and such access . . . serves to allow public scrutiny of the conduct of courts and prosecutors" (citation omitted)); *In re Wash. Post Co.*, 807 F.2d 383, 390

(4th Cir. 1986) ("[W]e hold that the First Amendment right of access applies to documents filed in connection with plea hearings . . . , as well as to the hearings themselves."); *see also United States v. Smith*, 776 F.2d 1104, 1111-12 (3d Cir. 1985) (stating that the First Amendment right of access extends not only to judicial proceedings, but also to judicial documents).

This right of access, though, is presumptive and not absolute, and it can be overcome where there is "cause shown that outweighs the value of openness." *Smith*, 123 F.3d at 147 (quoting *Press-Enterprise I*, 464 U.S. at 509). A district court sealing a criminal record must make "particularized findings . . . on the record in each case, (1) establishing the existence of a compelling governmental interest, and (2) demonstrating that absent limited restrictions upon the right of access, that other interest would be substantially impaired." *Id.* (quoting *United States v. Antar*, 38 F.3d 1348, 1359 (3d Cir. 1994)).

First, the intervenors maintain that the District Court's findings regarding the continued sealing of the Plea Document are not sufficiently specific or individualized. We disagree. The District Court determined that the Government's law enforcement activities, which involved national security issues and hinged on their non-public nature, and the safety of certain individuals constituted compelling interests that would be substantially harmed by unsealing. These findings are "specific enough [to allow us to] determine whether the [sealing] order was properly entered." *Press-Enterprise I*, 464 U.S. at 510; *accord United States v. Raffoul*, 826 F.2d 218, 225-26 (3d Cir. 1987) (finding no error with "the district court's somewhat brief findings"); *see United States v. Kooistra*, 796 F.2d 1390, 1391 (11th Cir. 1986) ("The findings need only be sufficient for a reviewing court to be able to determine, in conjunction with a review of the sealed

11

documents themselves, what important interest or interests the district court found sufficiently compelling to justify the denial of public access."). Moreover, we have noted similar interests as appropriate reasons to restrict access to judicial records and proceedings. *See Raffoul*, 826 F.2d at 223 ("The right [of access to criminal trials] is limited by the . . . needs of the government to . . . preserve the confidentiality of sensitive information . . . ."); *Smith*, 776 F.2d at 1105 ("[T]he risk of serious injury to third parties from disclosure outweighs the interest of the public in access to this limited segment of the bill of particulars."). Requiring the District Court to provide extensive detail on the public record, meanwhile, would impair "the very secrecy which sealing was intended to preserve." *Kooistra*, 796 F.2d at 1391.

Our independent review of the record satisfies us that the District Court's statements were not mere assertions or speculation. In addition, despite the intervenors' argument to the contrary, that the same interests supported the continued sealing of the Plea Document and the courtroom security motion and order does not detract from the individualized consideration of the nature of each specific document at issue.

Second, *The Declaration* argues that there is no indication that the lower court considered alternative measures to wholesale sealing of the Plea Document. The District Court, however, expressly stated "that the sealing of these records was narrowly tailored to protect the law enforcement interests at stake in this matter, and was the least restrictive means possible to safeguard the interests at issue." A10. In the same sentence, it referred to a sealed order docketed as ECF No. 99, suggesting that it had previously made the same determination and undertaken the alternative measures consideration. Our own review of the Plea Document leads us to find no error with the

12

District Court's approach. Here, redacting only a portion of the document, as the intervenors suggest, would not sufficiently protect Appellees' interests in confidentiality of sensitive information and individuals' safety.

Third, the intervenors assert that the District Court's sealing decision, based on reasons articulated in the Government's sealed addendum, deprived them of their meaningful opportunity to respond. In support of its argument, *The Declaration* relies on language in *In re Capital Cities*, where we vacated the lower court's order denying the media access to sealed transcripts and notes of chambers and sidebar conferences. 913 F.2d at 90. We explained that the media "was at a severe disadvantage in trying to show that its First Amendment and common law rights of access. . . overcame the government's interest" where: (1) "at the time of its application to unseal . . . , [it] had absolutely no information concerning [the documents'] particular subject matter . . . [or] the government interests that would enter into the . . . analysis, and so it could not directly rebut the reasons that led the district court to seal the . . . documents"; and (2) it was denied a hearing to move for "access to sealed transcripts of a closed proceeding." *Id.* at 95 (quoting *Raffoul*, 826 F.2d at 225).

*The Declaration*, however, was in a substantially different position than the media entity in *In re Capital Cities*. The docket made clear that the document at issue was a "Plea Document" that was filed along with the publicly-accessible guilty plea memorandum. The District Court here also held two hearings on the issue of unsealing the documents requested by the intervenors, and the Government at the supplemental hearing specifically referred to "safety, security, national security" and "the interest in preserving life and safety of individuals" as its reasons for sealing the Plea Document in its

13

entirety. ECF No. 129, at 13. While a more thorough discussion of the Government's rationale for continued sealing appeared only in its sealed addendum, that alone does not violate First Amendment principles given the circumstances. *See In re Copley Press, Inc.*, 518 F.3d 1022, 1027-28 (9th Cir. 2008) ("It's rarely possible to justify one secret without telling other secrets."). Accordingly, we are not persuaded by *The Declaration*'s argument or the comparison to *In re Capital Cities*.

The intervenors' claim as to their common law right "to inspect and copy public records and documents, including judicial records and documents," such as the Plea Document here, fares no better. *Smith*, 123 F.3d at 155 (quoting *United States v. Criden*, 648 F.2d 814, 819 (3d Cir. 1981)); *see In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001) (explaining that the common law right can be overcome if "the party seeking the . . . sealing of part of the judicial record . . . [']show[s] that the material is the kind of information that courts will protect' and that 'disclosure will work a clearly defined and serious injury to the party seeking closure'" (alteration added) (quoting *Miller v. Ind. Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994))). The District Court's order denying access to the Plea Document was not an abuse of discretion.

## B.    Reply Brief and Exhibit

Appellees concede on appeal that the Reply Brief should be publicly available because the portions currently under seal are "substantively already part of the public record." Appellees' Br. 36.[5]  For the same reason, they agree to only

---

[5]  We are flummoxed that Appellees have only now—after the intervenors' filing and briefing of their appeal—

lightly redact the Exhibit. In response, *The Declaration* argues that the Exhibit should also be fully unsealed and that, by not making the same argument below, Appellees have waived justifying any redactions on grounds other than grand jury secrecy.

The intervenors are correct that "[t]heories not raised squarely [before the district court] cannot be surfaced for the first time on appeal." *Doe v. Mercy Catholic Med. Ctr.*, 850 F.3d 545, 558 (3d Cir. 2017); *see also United States v. Joseph*, 730 F.3d 336, 337 (3d Cir. 2013) ("We hold that for parties to preserve an argument for appeal, they must have raised the same *argument* in the District Court—merely raising an *issue* that encompasses the appellate argument is not enough.").

The circumstances here, however, are unlike the typical waiver case in light of Appellees' significant concession and newly-proposed redactions on appeal. The issue to be resolved now is to what extent the Exhibit should be redacted, if at all. Given the factual—as opposed to purely legal—nature of the inquiry presented, we deem it more appropriate for the District Court to initially determine whether the proposed targeted redactions are justified and narrowly tailored in a manner that does not impinge upon the public's right of access. Accordingly, the District Court's order as to the Reply Brief and Exhibit will be vacated and the case remanded for consideration of the proposed redactions to the Exhibit.

conceded that the materials in question should be mostly unsealed.

15

## IV.    Conclusion

For the foregoing reasons, we will affirm the order of the District Court as it pertains to the Plea Document, vacate the order as it relates to the Reply Brief and Exhibit, and remand the case for further proceedings consistent with this opinion.