**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-2510
_____

UNITED STATES OF AMERICA

v.

NAASIA MOLYNEAUX,
                    Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 5-20-cr-00366-001)
District Judge: Honorable Joseph F. Leeson, Jr.

Submitted Under Third Circuit L.A.R. 34.1(a):
June 28, 2022
_____

Before: JORDAN, PORTER, and PHIPPS,
*Circuit Judges*.

(Filed: September 1, 2022)

_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding
precedent.

PORTER, *Circuit Judge*.

Naasia Molyneaux pleaded guilty to bank fraud. Before sentencing, she moved to access sealed information about the sentences of others involved in the fraud. The District Court denied her motion and sentenced Molyneaux to four months' imprisonment, the low end of the range recommended by the United States Sentencing Guidelines ("Guidelines"). Molyneaux appeals, arguing that the District Court abused its discretion. She asks us to vacate her sentence, grant her access to the information she seeks, and remand for resentencing. The District Court did not abuse its discretion, so we will affirm the judgment.

I

Molyneaux participated in a bank fraud scheme organized by Steven Randall. Randall posted an advertisement on the internet seeking recruits willing to open bank accounts that he could use to deposit fraudulent checks. Once an account was open, members of Randall's scheme would deposit a fraudulent check and then withdraw the spurious funds before the bank realized that the check was a sham.

Molyneaux responded to Randall's advertisement and allowed him to use her Facebook account to recruit new fraud participants. One of the people Randall recruited using Molyneaux's account became a significant recruiter in her own right, persuading at least six others to join the scheme.

Several months later, Molyneaux contacted Randall and agreed to open a bank account for him. She opened the account with a $50 deposit provided by a member of the scheme. Other participants deposited a $2,900 fraudulent check and used Molyneaux's

2

debit card to withdraw $1,487.30 from the account. Molyneaux and Randall attempted further withdrawals without success, and Randall paid Molyneaux $400 for her efforts.

Molyneaux pleaded guilty to bank fraud, in violation of 18 U.S.C. § 1344. She admitted an intended fraud of $35,873, the amount attributable to her participation in the scheme.

Before her sentencing hearing, Molyneaux filed a motion seeking access to the sealed Judgment and Commitment Orders of other defendants already sentenced in the bank fraud scheme, including information about their sentences and Guidelines ranges. Molyneaux sought this information to make a sentencing parity argument under 18 U.S.C. § 3553(a)(6). The District Court denied her motion, holding that the interest in maintaining the seal over the documents outweighed Molyneaux's need for them. The District Court reasoned that because section 3553(a)(6) promotes nationwide sentencing parity, not parity among defendants in related cases, information about the sentences of Molyneaux's co-schemers is of minimal relevance to her sentence.

The District Court sentenced Molyneaux to four months' imprisonment, at the low end of the range recommended by the Guidelines. Molyneaux appeals.

## II

The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 18 U.S.C. § 3742(a) and 21 U.S.C. § 1291. We review a District Court's sentencing decision for abuse of discretion. *United States v. Wise*, 515 F.3d 207, 217 (3d Cir. 2008). Our review "afford[s] deference to the [District Court's] 'broad discretion in imposing a sentence within a statutory range,'" and to the District Court's fact finding.

3

*United States v. Parker*, 462 F.3d 273, 277 (3d Cir. 2006) (quoting *United States v. Booker*, 543 U.S. 220, 233 (2005)); *Wise*, 515 F.3d at 217. We review of questions of law de novo. *Wise*, 515 F.3d at 217.

III

On appeal, Molyneaux argues that the District Court violated her common law and First Amendment rights to access court documents. She also argues that the sealing interfered with her Sixth Amendment rights to a public trial and effective assistance of counsel and her Fifth Amendment right to due process. Finally, Molyneaux argues that the District Court's sentence was substantively unreasonable. She asks us to vacate her sentence, grant her access to the information she seeks, and remand for resentencing.

A

1

The District Court's denial of Molyneaux's motion does not render its sentence an abuse of discretion. The judgment and commitment orders and Guidelines ranges of others involved in the bank fraud scheme would have been of little aid to Molyneaux at sentencing. She argues that the District Court's denial of her motion foreclosed her ability to argue that her sentence was so severe that it would create "unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553 (a)(6). The District Court's order did not prevent her from making this argument. A "defendant cannot rely upon [18 U.S.C.] § 3553(a)(6) to seek a reduced sentence designed to lessen disparity between co-defendants' sentences," because section 3553(a)(6) "promote[s] *national* uniformity in sentencing rather than

4

uniformity among co-defendants in the same case." *Parker*, 462 F.3d at 277 (emphasis added). A District Court may, but need not, consider the sentences of defendants in related cases when assessing national sentencing parity. *Id.* at 277–78. Even in the absence of the information Molyneaux sought, the District Court was able to give "rational and meaningful consideration" to the sentencing factors. *United States v. Grier*, 475 F.3d 556, 571 (3d Cir. 2007) (en banc). The District Court took "the relevant factors into account in imposing a final sentence." *Id.* It did not abuse its discretion in sentencing Molyneaux.

2

Nevertheless, Molyneaux maintains that the denial of her motion violated her First Amendment and common law rights of access to court documents. The First Amendment and the common law establish a presumptive right of access to judicial proceedings, including "the records and briefs that are associated with those proceedings." *United States v. Thomas*, 905 F.3d 276, 281 (3d Cir. 2018); *In re Avandia Mktg.*, 924 F.3d 662, 672 (3d Cir. 2019). The parties agree that judgment and commitment orders are among the records to which the right applies. Judgments are quintessential judicial records that are traditionally available to the public, and we agree that both the First Amendment and common law presumptive rights of access apply to them. *See Avandia*, 924 F.3d at 672–73 (discussing criteria for applicability of First Amendment and common law presumptions).

Molyneaux also requested information about the other defendants' sentences, including guidelines ranges. Typically, a Guidelines range appears not in a judgment or

5

commitment order, but in a presentence report. "There is a general presumption that the courts will not grant third parties access to the presentence reports of other individuals." *United States v. Blanco*, 884 F.2d 1577, 1578 (3d Cir. 1989).

a

Although the First Amendment right of access applies to the judgment and commitment orders, the "right of access . . . is presumptive and not absolute." *Thomas*, 905 F.3d at 282. "[I]t can be overcome where there is cause shown that outweighs the value of openness." *Id.* (quotation marks omitted). If a District Court holds that the presumption is overcome, it "must make particularized findings on the record in each case, (1) establishing the existence of a compelling governmental interest, and (2) demonstrating that absent limited restrictions upon the right of access, that other interest would be substantially impaired." *Id.* (quotation marks and alterations omitted). "The findings need only be sufficient for a reviewing court to be able to determine, in conjunction with a review of the sealed documents themselves, what important interest or interests the district court found sufficiently compelling to justify the denial of public access." *Id.* at 283 (quoting *United States v. Kooistra*, 796 F.2d 1390, 1391 (11th Cir. 1986)). The District Court's analysis in its denial of Molyneaux's motion, considered in conjunction with the sealed documents and its orders sealing them, makes clear the interests that the District Court found compelling enough to overcome the presumption. Those interests suffice, and the District Court did not err in denying Molyneaux's motion.

Like the First Amendment presumption, "the common law right of access is not absolute . . . and . . . may be rebutted." *Avandia*, 924 F.3d at 672 (quotation marks and

6

citations omitted). "To overcome that strong presumption, the District Court must articulate the compelling, countervailing interests to be protected, make specific findings on the record concerning the effects of disclosure, and provide an opportunity for interested third parties to be heard." *Id.* at 672–73 (quotation marks and alterations omitted). Taken together, the District Court's sealing orders, the sealed documents, and the District Court's ruling on Molyneaux's motion satisfy these requirements as well. Neither the First Amendment nor the common law rights of access allow Molyneaux to view the sealed judgments of other members of the bank fraud scheme.

b

To the extent Molyneaux seeks access to presentence reports, she likewise cannot prevail. Presentence reports are presumptively not available to third parties. *Blanco*, 884 F.2d at 1578. "[C]ourts have typically required some showing of special need before they will allow a third party to obtain a copy of a presentence report." *U.S. Dep't of Just. v. Julian*, 486 U.S. 1, 12 (1988). Molyneaux has not made that showing, given the limited value this information would provide in determining sentencing parity at the national level. *See Parker*, 462 F.3d at 277.

3

In addition, Molyneaux asserts that the District Court's order violates her Sixth Amendment right to a public trial. But the Sixth Amendment guarantees that "the *accused* shall enjoy the right to a . . . public trial"; it does not guarantee third parties access to the trials of others. U.S. Const. amend. VI (emphasis added); *see also Estes v. Texas*, 381 U.S. 532, 538–39 (1965). The Sixth Amendment does not guarantee

7

Molyneaux access to the judgment and commitment orders or presentence reports of other members of the bank fraud scheme, so the District Court's order does not violate Molyneaux's right to a public trial.

4

Molyneaux also asserts that the sealing order violated her rights under the Fifth and Sixth Amendments by preventing counsel from advancing a sentencing parity argument. The District Court's ruling did not deprive Molyneaux of her right to effective assistance of counsel or her right to due process. Her counsel could have made a sentencing parity argument using publicly available information pertaining to similarly situated defendants nationally, including the publicly available judgements of ten of the members of the fraud scheme in which Molyneaux was involved. Molyneaux can "demonstrate[] no prejudice of any kind," so vacatur is not justified. *United States v. Morrison*, 449 U.S. 361, 366 (1981).

B

Finally, Molyneaux argues that her sentence is substantively unreasonable. We "review the substantive reasonableness of [a] sentence under an abuse-of-discretion standard." *Wise*, 515 F.3d at 218. "[I]f the district court's sentence is procedurally sound, we will affirm it unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." *United States v. Tomko*, 562 F.3d 558, 568 (3d Cir. 2009). A "sentence . . . within the applicable Sentencing Guidelines range . . . is presumptively reasonable." *United States v. Pawlowski*, 967 F.3d 327, 331 (3d Cir. 2020).

Molyneaux argues that her sentence is excessive in light of her role in the bank fraud scheme, her personal background, and the young age of her children. "The touchstone of 'reasonableness' is whether the record as a whole reflects rational and meaningful consideration of the factors enumerated in 18 U.S.C. § 3553(a)." *Grier*, 475 F.3d at 571. Molyneaux's sentence is at the low end of the Guidelines range, so it is presumptively reasonable. *Pawlowski*, 967 F.3d at 331. And the District Court meaningfully considered the section 3553(a) factors. On appeal, Molyneaux emphasizes the mitigating factors that apply to her case. The District Court acknowledged Molyneaux's "troubling childhood," that "she supports three children," and that she complied with the terms of her supervised release after entering her guilty plea. J.A. 68–69. But the District Court also considered "the seriousness of the offense, the fact that [Molyneaux's] participation occurred over a period of time . . . , her failure to demonstrate respect for the law by violating the terms of her release" before entering her plea, and "the need to avoid unwarranted sentencing disparities among similarly situated defendants." J.A. 69. The District Court concluded that its sentence "accounts for all the mitigating circumstances," and is "sufficient, but not greater than necessary." J.A. 69. "The decision by the [District] Court . . . not to give . . . mitigating factors the weight that [Molyneaux] contends they deserve does not render her sentence unreasonable." *United States v. Lessner*, 498 F.3d 185, 204 (3d Cir. 2007). The District Court did not abuse its discretion by imposing a bottom-of-the-Guidelines-range sentence on Molyneaux.

9

*    *    *

The District Court did not abuse its discretion in sentencing Molyneaux. We will affirm the District Court.