**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2577
_____

BOBRICK WASHROOM EQUIPMENT, INC.,
Appellant

v.

SCRANTON PRODUCTS, INC.
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 3:14-cv-00853)
District Judge: Honorable Robert D. Mariani
_____

Submitted Under Third Circuit L.A.R.34.1(a)
on July 1, 2025

Before: SHWARTZ, FREEMAN, and SMITH, *Circuit Judges*

(Opinion filed: September 26, 2025)

Carl W. Hittinger
Tyson Y. Herrold
Baker & Hostetler LLP
1735 Market Street, Suite 3300
Philadelphia, PA 19103

*Counsel for Appellant*

Steven Grimes
Michael A. Meneghini
Winston & Strawn LLP
35 W. Wacker Drive
Chicago, IL 60601

*Counsel for Appellee*

_____

OPINION OF THE COURT
_____

FREEMAN, *Circuit Judge*.

Several years ago, Scranton Products and Bobrick Washroom Equipment executed a settlement agreement ("Agreement") to resolve the claims in a false-advertising dispute. The District Court approved the Agreement and dismissed the case, retaining jurisdiction to enforce the Agreement. In the Agreement, Scranton and Bobrick explicitly waived their rights to appeal the District Court's orders arising out of the Agreement or any motion to enforce it.

During subsequent proceedings on enforcement motions, the District Court entered an order prophylactically sealing thousands of pages of documents and all future filings pending its ruling on the enforcement motions. Eighteen months later, when the District Court ruled on the enforcement motions, it issued a second order that sealed the court filings indefinitely. Bobrick appeals both orders.

The first order (the one sealing documents during the pendency of the enforcement motions) is no longer in effect, so we lack jurisdiction to review it. We will dismiss Bobrick's appeal as to that order.

Although we have jurisdiction to review the second order (the one sealing documents in perpetuity), Bobrick

2

waived its rights to appeal it. Bobrick contends that the District Court's second sealing order is patently overbroad and inconsistent with the public's common law right of access to judicial documents and our precedents. However, Bobrick does not seek to enforce the public's right to judicial documents; it seeks to enforce only its private rights—rights that it waived in the Agreement. For an appellate waiver to have any force, it must govern appeals of erroneous orders. Accordingly, we will not exercise our jurisdiction to review the second sealing order. Pursuant to our practice when enforcing an appellate waiver, we will affirm the order. We also will deny Bobrick's alternative request for a writ of mandamus.

## I

In 2014, Scranton sued Bobrick for false advertising. Scranton alleged that its high-density polyethylene toilet partitions complied with relevant fire standards and that Bobrick's advertising to the contrary was false and misleading, violating federal and state law. In 2016, Bobrick filed counterclaims against Scranton, alleging that the partitions were not in compliance and that Scranton's advertising to the contrary was false and misleading. Later, Scranton voluntarily dismissed its claims with prejudice, and the parties drafted the Agreement to settle Bobrick's claims. The Agreement contains the following appellate waiver: "All decisions and orders of the Court . . . arising out of this Settlement Agreement or any Enforcement Motion . . . shall be non-appealable, and the Parties hereby waive any and all rights to appeal any such decision or order." App. 76. In 2018, the District Court entered an order approving the Agreement, dismissing the case, and retaining jurisdiction for purposes of enforcing the Agreement.

Under the Agreement, a party claiming breach must file a motion with the District Court for liquidated damages, injunctive relief, or both. Bobrick filed two such motions— one in 2019 and another in February 2021. It argued that Scranton failed to comply with the Agreement's requirements about notices to customers who purchased non-compliant partitions. Scranton filed its own enforcement motion in March 2021, asserting that Bobrick's February 2021

3

enforcement motion was premature under the Agreement, which creates a cure period for any alleged breach.

The District Court held a six-day evidentiary hearing on the three enforcement motions in November and December 2021. As specified in the Agreement, the evidentiary hearing was open to the public. According to Bobrick's appellate brief, members of the public and the press attended portions of the hearing.

During the hearing, Scranton introduced a document (Scranton's "Exhibit 28") containing a list of its customers and information about their orders. Although Exhibit 28 is labeled "Attorneys' Eyes Only – Subject to Protective Order," neither party requested that it or any other portion of the evidentiary hearing record be sealed.

On February 1, 2022, Bobrick filed its proposed findings of fact and conclusions of law along with an appendix containing 157 exhibits. That public filing was thousands of pages long. Two days later, Scranton filed a motion to strike the appendix from the docket, or alternatively to place it under seal. Scranton noted that most of the exhibits in the appendix were not introduced or admitted during the hearing, and it clarified that it sought relief only as to the portions of the appendix that were not admitted into evidence, plus Exhibit 28. Four days later, on February 7, 2022, Scranton filed another motion, this time seeking to redact the portions of the hearing transcripts that included content from Exhibit 28. Acknowledging the public's right of access to judicial records, Scranton emphasized that it sought to redact only seven pages from over 1,400 pages of hearing transcripts.

On February 9, 2022, the District Court (without waiting for a response from Bobrick) ordered the Clerk of Court to seal the hearing transcripts and all post-hearing filings in their entirety, "subject to review after the Court renders its decision on the pending enforcement motions." App. 3–4. The District Court further specified that "[a]ny future filings by the parties shall be filed under seal." *Id.* On February 17, 2022, Bobrick moved to unseal all documents not subject to Scranton's motion—that is, those that Scranton agreed could

4

be filed publicly. The District Court did not rule on that motion.

Eighteen months later, the District Court denied the three enforcement motions. *Bobrick Washroom Equip., Inc. v. Scranton Prods., Inc.*, No. 14-853, 2023 WL 5054671, at *18 (M.D. Pa. Aug. 8, 2023). The same day, it issued an order directing the parties to meet and confer regarding sealing and to file a joint proposed order within thirty days. The order stated, "To the extent the parties are unable to agree . . . , the Court will order that the status quo (i.e., the Court's February 9, 2022, [Sealing] Order . . . ) shall remain in effect pending [any] further agreement of the parties." App. 6.

On August 21, 2023, Bobrick sent Scranton a letter stating its position that none of the hearing transcripts or post-hearing briefing could be sealed. On August 25, Scranton responded, stating that it disagreed with Bobrick's position and therefore, under the August 8 order, the status quo would remain in effect. Scranton nonetheless stated that it would be open to further discussions with Bobrick to work toward a joint proposed order.

On August 25, 2023, Bobrick filed a notice of appeal of the February 2022 and August 2023 sealing orders.

**II**[1]

We must assure ourselves of our jurisdiction "before we can proceed to the question of whether [an appellate] waiver is enforceable." *United States v. Jackson*, 523 F.3d 234, 237 (3d Cir. 2008). That is because an appellate waiver does not divest us of appellate jurisdiction; instead, it typically compels us to decline to exercise that jurisdiction. *See United States v. Gwinnett*, 483 F.3d 200, 203 (3d Cir. 2007). We always have jurisdiction to determine our own jurisdiction. *Pub. Int. Legal Found. v. Sec'y, Commw. of Pa.*, 136 F.4th 456, 461 (3d Cir. 2025).

---

[1] The District Court had jurisdiction under 28 U.S.C. § 1331 because Scranton brought claims and Bobrick brought counterclaims arising under federal law.

5

We lack jurisdiction over the appeal of the February 2022 order. That order sealed the evidentiary hearing record and all hearing-related filings, "subject to review" after resolution of the enforcement motions. App. 3–4. When the District Court denied the enforcement motions, it issued a new sealing order: the August 2023 order, which kept the status quo in place. Thus, the February 2022 order expired in August 2023. We have no ability to order relief from a sealing order that is no longer in effect. Accordingly, the appeal of that order is moot. *See Constand v. Cosby*, 833 F.3d 405, 409 (3d Cir. 2016) (noting the mootness inquiry is "centrally concerned with the court's ability to grant effective relief" (citation omitted)).

Although the August 2023 order remains in effect, Scranton contends that we lack jurisdiction to review that order because it is not final. We disagree. Post-judgment orders that seal materials in perpetuity, such as the August 2023 order, are final and appealable.

28 U.S.C. § 1291 grants us jurisdiction over "appeals from all final decisions of the district courts." Under the collateral order doctrine, we give § 1291 "a practical construction." *Will v. Hallock*, 546 U.S. 345, 349 (2006) (citation omitted). Thus, § 1291 provides us appellate jurisdiction over "a narrow class of decisions that do not terminate the litigation, but are sufficiently important and collateral to the merits that they should nonetheless be treated as final." *Id.* at 347 (cleaned up). Decisions are in that narrow class if they (1) "conclusively determine the disputed question," (2) "resolve an important issue completely separate from the merits of the action," and (3) are "effectively unreviewable on appeal from a final judgment." *Id.* at 349 (cleaned up).

"We have held that orders either granting or . . . denying access to court proceedings or records are appealable as final orders." *United States v. Smith*, 123 F.3d 140, 145 (3d Cir. 1997); *accord United States v. Thomas*, 905 F.3d 276, 280 (3d Cir. 2018). Such is the case here, notwithstanding the conditional language of the August 2023 order.

6

The parties dispute only the first requirement for collateral-order jurisdiction: whether the August 2023 order conclusively determines the disputed sealing question. It does. Post-judgment orders that seal materials in perpetuity conclusively determine the sealing question.

Recall that the February 2022 order stated that all hearing transcripts and filings would be sealed, "subject to review after the Court renders its decision on the pending enforcement motions." App. 3–4. When the District Court resolved the enforcement motions, it issued the August 2023 order giving the parties 30 days to work toward an agreement about sealing. But that order specified that if the parties were unable to reach an agreement, the "status quo" of wholesale sealing would remain in effect indefinitely, "pending [any] further agreement from the parties." App. 6. Therefore, the August 2023 order placed all transcripts and documents related to the evidentiary hearing under seal permanently, contingent only on an event that might never occur.

As we have stated in the context of administrative proceedings, "the finality of an order cannot be conditioned on something that may never happen." *Fang v. Dir. U.S. Immigr. & Customs Enf't*, 935 F.3d 172, 184 (3d Cir. 2019). This principle applies with equal force here. *See United States v. Wecht*, 537 F.3d 222, 230 (3d Cir. 2008) (determining that a pretrial order denying public access to the names of prospective jurors was a conclusive determination of the issue of public access because "[t]here is no reason to believe that any subsequent developments would have led the District Court to reconsider its conclusion"). Bobrick and Scranton might eventually reach an agreement with respect to sealing in this case, but they might not. Similarly, the District Court might alter its sealing decision, either *sua sponte* or upon a motion from the parties, but it might not. We will not condition the finality of a district court's post-judgment sealing order on contingencies that may never happen. *Shingara v. Skiles*, 420 F.3d 301, 305 (3d Cir. 2005) ("The possibility that the district court . . . may reconsider the order with respect to a particular document is too narrow to reject the conclusion that the court has determined not to disturb the protective order."). So orders like the August 2023 order are final and conclusively determine the sealing issue.

7

The second and third requirements for collateral-order jurisdiction are easily satisfied. The public's right of access to judicial proceedings and a party's interest in sealing are distinct from the merits of the action. *See id.* And orders like the August 2023 sealing order are effectively unreviewable on appeal from a traditional final judgment. After all, the District Court here approved the parties' settlement agreement and dismissed all the false-advertising claims five years before it issued the sealing order, so no traditional final judgment is forthcoming. *Cf. Crystallex Int'l Corp. v. Bolivarian Rep. of Venezuela*, 24 F.4th 242, 255–56 (3d Cir. 2022) (discussing circumstances in which post-judgment decisions have practical finality). Moreover, orders that seal court filings in perpetuity are effectively unreviewable on appeal from a final judgment because the public's interest in access to court proceedings diminishes over time. *See Shingara*, 420 F.3d at 305 ("[N]obody wants to read yesterday's news.").

## III

Although we have appellate jurisdiction to review the August 2023 order, we decline to exercise that jurisdiction due to Bobrick's appellate waiver.

Bobrick waived "any and all rights to appeal" any decision "arising out of th[e] Settlement Agreement or any Enforcement Motion." App. 76. Without the parties' enforcement motions, there would be no evidentiary hearing transcript or post-hearing filings, and there would be no order sealing those materials. Thus, the August 2023 order arises out of enforcement motions filed under the Agreement, and the appellate waiver applies. *See, e.g., Tuscarora Wayne Mut. Ins. Co. v. Kadlubosky*, 889 A.2d 557, 563 (Pa. Super. Ct. 2005) (noting in the Pennsylvania insurance context that "'arising out of' means causally connected with, not proximately caused by" and "has been equated with 'but for' causation" (citation omitted)).

Bobrick resists this conclusion on two grounds. Neither is persuasive.

8

First, Bobrick notes that the sealing order implicates the public's right of access to judicial records, and it argues that it should not be permitted to waive the public's right. Bobrick's premise about the public right to judicial records, including those related to settlements, is "beyond dispute." *LEAP Sys., Inc. v. MoneyTrax, Inc.*, 638 F.3d 216, 220 (3d Cir. 2011) (citation omitted). The public's common law right encompasses access to "all judicial records and documents[,] . . . includ[ing] transcripts, evidence, pleadings, and other materials submitted by litigants." *Id.* (citation omitted). We have expounded upon the importance of courts safeguarding that right by applying a strong presumption of access to judicial records. *See In re Avandia Marketing, Sales Practices & Prods. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019). To overcome that presumption, a district court "must articulate the compelling, countervailing interests to be protected, make specific findings on the record concerning the effects of disclosure, and provide an opportunity for interested third parties to be heard." *Id.* at 672–73 (cleaned up).

Bobrick argues that the August 2023 order is contrary to *In re Avandia.* However, Bobrick does not seek to enforce the public's right to judicial records. It seeks to enforce only its private rights—rights that it clearly and unambiguously waived in the Agreement.[2] It cannot overcome that waiver by pointing to the impact on the public. Of course, if a member of the public or the press challenged the sealing order, the

---

[2] We have enforced appellate waivers in civil settlements based on much less direct waiver language than that in this Agreement. In *In re Odyssey Contracting Corporation*, the parties stipulated that their claims "will be withdrawn and disposed of in their entirety with prejudice" and that "this proceeding shall be deemed to be finally concluded." 944 F.3d 483, 487–88 (3d Cir. 2019) (emphasis omitted). We held that this language constituted a waiver of any right to appeal. *Id.* at 488. We explained that no explicit appellate waiver was necessary because the stipulation evidenced the parties' intent to put the case to rest. *Id.* at 490 (noting that our cases addressing consent judgments establish that "a party that seeks to appeal must make its intent to do so clear at the time of the stipulation setting the manner for resolution").

parties' appellate waiver would have no effect on that challenge. Here, though, we are confronted with an appeal of an order that Bobrick signed away "any and all rights" to appeal. App. 76.

Second, Bobrick argues that appellate waivers may not insulate review of violations of well-established law. It relies on caselaw regarding appellate waivers in criminal cases. In that context, we enforce knowing and voluntary appellate waivers unless they are invalidated by an error that would work a miscarriage of justice. *United States v. Khattak*, 273 F.3d 557, 562–63 (3d Cir. 2001). But we rarely identify a miscarriage of justice. *See, e.g.*, *United States v. Yung*, 37 F.4th 70, 81–82 (3d Cir. 2022) (declining to enforce a criminal appellate waiver in a challenge to a sentence that was not authorized by law, where enforcing the waiver would allow the executive to intrude upon the legislature's prerogatives). And even assuming that a miscarriage of justice could release a civil litigant from its appellate waiver, we discern no miscarriage of justice here.

After years of litigation, Bobrick and Scranton agreed to settle their dispute and granted the District Court unappealable authority to handle any enforcement issues. "[S]ophisticated business entities" that enter into settlement agreements and waive their appellate rights can and should be held to those waivers, to prevent opposing parties "from being caught by surprise or left guessing about the finality and hence efficacy of the [settlement]." *In re Odyssey Contracting Corp.*, 944 F.3d 483, 490 (3d Cir. 2019) (internal quotation marks omitted). It is not unjust to hold Bobrick to its waiver here, notwithstanding that the August 2023 sealing order might run afoul of well-established law. For an appellate waiver to have any force, it must cover appeals of orders that are legally correct and those that are erroneous.

Because we will not exercise our appellate jurisdiction to review the August 2023 order, we will affirm that order. Though it may seem incongruous for us to decline to exercise jurisdiction yet affirm an order, that is our practice when enforcing appellate waivers in civil and criminal matters. *See, e.g.*, *Odyssey Contracting Corp.*, 944 F.3d at 490; *United*

10

*States v. Gwinnett*, 483 F.3d 200, 202–03 (3d Cir. 2007). We follow that practice here.

**IV**

Finally, if the appellate waiver is enforceable, Bobrick seeks a writ of mandamus under the All Writs Act. *See* 28 U.S.C. § 1651. Mandamus is "an extreme remedy reserved for only the most extraordinary situations." *In re Abbott Lab'ys*, 96 F.4th 371, 379 (3d Cir. 2024) (cleaned up). To obtain mandamus relief, a party must show "(1) a clear and indisputable abuse of discretion or error of law, (2) a lack of an alternate avenue for adequate relief, and (3) a likelihood of irreparable injury." *Id.* (citation omitted). When the party makes that showing, we still have broad discretion to grant or deny the writ. *Id.*

Mandamus is not "a substitute for the regular appeals process," *Cheney v. U.S. Dist. Court*, 542 U.S. 367, 381 (2004), and Bobrick unambiguously waived its right to avail itself of the regular appeals process. So even if Bobrick could satisfy the prerequisites for mandamus despite its appellate waiver, we would not exercise our discretion to issue a writ of mandamus in these circumstances. The request for a writ of mandamus is denied.

\*     \*     \*

For the foregoing reasons, we will dismiss this appeal insofar as it challenges the District Court's February 2022 order and we will affirm the District Court's August 2023 order.